587 P.2d 1248

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Larry Kenneth HAYES, Defendant-Appellant.**

**No. 12711.**

Supreme Court of Idaho.

Dec. 19, 1978.

Nicholas Chenoweth of Chenoweth & Kinney, Orofino, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Arthur J. Berry, Asst. Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM:

On defendant's plea of guilty to possession of amphetamines, judgment of conviction and imposition of sentence were withheld and a 3-year probation ordered. Hayes' attorney prepared for the court's signature a carefully drawn order of probation. Special conditions of the order included one that Hayes voluntarily submit to urinalysis upon the request of law enforcement personnel. The order specified that he also be subject to the rules of probation specified by the Board of Corrections and district court. In accordance with this last directive, Hayes signed an agreement of probation, containing the usual provision that he obey the laws, and one that he could not purchase or operate a motor vehicle without written permission of the court or Probation Department. Ten months later he was charged with violating the terms of that probation:

1) Operating a motor vehicle without written permission of his probation officer;

2) Throwing a beer can at a sheriff's vehicle;

3) Use of a controlled substance.

Following hearing, at which testimony was taken, he was adjudged to be in violation of his probation on each of the above counts, and his probation was revoked. He was adjudged convicted pursuant to his earlier plea of guilty, sentence was imposed, and this appeal followed.

Defendant admitted operating a motor vehicle, but claimed oral permission to drive was given by his first probation officer. Both of his probation officers denied giving such permission and insisted he was told he would have to show a license and proof of insurance first. A Sheriff's Posse member claimed defendant committed the second violation in his presence (and that of two other peace officers, neither of whom testified) in August, 1976. Defendant testified he did not commit the act and presented two witnesses who stated that one Steve Johnson threw a beer can and was arrested for the offense. However, the witnesses admitted that they had not watched defendant continuously and that there might have been a second incident. Defendant emphasizes that no criminal charge was made against him, and that the incident was not brought to the court's attention at the time it allegedly happened, some 7 months previously.

The third violation stemmed from an incident in which the defendant on request gave a urine sample to a deputy sheriff. This was analyzed by a state criminalist, who testified that he found therein the presence of meprobamate, a controlled substance. While he admitted that other drugs could cause the same positive reaction, the witness stated his belief that all such drugs are only available by prescription. Defendant testified that he had not used controlled substances, and also that he had not used any prescription drugs.

■ Because we sustain the trial court's order revoking probation on the third charged violation, we comment only briefly on the first two charges. Defendant contends that the imposition of the prohibition on operating a motor vehicle was error. *State v. Mummert*,[1] 98 Idaho 452, 566 P.2d 1110 (1977), and *State v. Oyler*, 92 Idaho 43, 436 P.2d 709 (1968), together stand for the proposition that, where there is no evidence of a relationship to rehabilitation, prohibition against use of a motor vehicle is an invalid condition of probation, and should be so declared on challenge at a revocation hearing.

Defendant points out that he was never charged with any offense arising out of the beer can incident, which laid dormant for almost 7 months. The long delay before the incident was added as a ground for revocation of probation suggests that the officials who keep the peace and supervised defendant's probation must have considered the affair as being of no great moment.

■ However, the use of a controlled substance charge is of greater moment. The trial court found as a fact that defendant did use a controlled substance. No contention is made that such a finding is not sufficient justification for revoking defendant's probation. Defendant's argument here is that such violation, which would also be a criminal offense, must be proven beyond a reasonable doubt, citing *People v. Carr*, 185 Colo. 293, 524 P.2d 301 (1974). The holding in that case, however, resulted from a statute which has no counterpart in Idaho. Defendant did not request from the trial court a specific ruling defining the State's burden of proof, and hence we cannot know what standard the court applied. It appears to us that by any standard, including that of "beyond a reasonable doubt," the trial court's finding is adequately substantiated by the evidence.

■ Defendant claims that the trial court ignored the testimony of the chemist that other substances could cause a positive result on the tests used to detect the drug. However, there is the further statement by the chemist that such other substances are only available by prescription. Defendant himself filled in any gap in the State's presentation when he denied taking any prescription drugs. Accordingly, the trial court's finding that defendant did use a controlled substance is substantiated by competent evidence, and we will not disturb it. Since the original conviction was also for an offense involving drugs, we see no merit in defendant's contention that it was an abuse of discretion to revoke probation for this particular violation.

The order revoking probation is affirmed.

---

1. The opinion in *Mummert* was not available to the trial court, having not been handed down until 2 months after Hayes' probation was revoked.