144 P.3d 25

**STATE of Idaho, Plaintiff,**

v.

**Charles A. ROGERS, Defendant.**

**April A. Godbe, Real Party in Interest–Appellant,**

v.

**Clearwater County, State of Idaho, Real Parties in Interest–Respondents.**

No. 31914.

Supreme Court of Idaho, Boise, May 2006 Term.

July 28, 2006.

As Amended on Denial of Rehearing Sept. 19, 2006.

Kwate Law Office, PLLC, Lewiston, for appellant.

Lori Michelle Hood–Gilmore, Orofino, for respondents.

JONES, Justice.

This is an appeal of the district court's order requiring a defense attorney to incur the costs resulting from a criminal trial continuance she requested for her client.

## I.

April Godbe was appointed to defend Charles Rogers, who was charged with two counts of delivery of methamphetamine. Melissa Pitcher was arrested because of her involvement in the events leading to Rogers' arrest. In supplemental discovery, both Godbe and the State identified Pitcher as a witness for Rogers' trial. The State later subpoenaed Pitcher.

Rogers' trial was set for August 30, 2004 and then reset for September 13, 2004. The pretrial conference was held on August 31st, one week later than initially set. Pitcher's trial was set for December 8th. At Rogers' pretrial conference, the trial date and protocol were confirmed. However, on September 10th, Godbe requested a continuance. In doing so, she explained to the district court that Pitcher's attorney, Robert Brower, informed her that Pitcher would invoke the Fifth Amendment at Rogers' trial. Godbe neither explained why Pitcher was an important witness or why Godbe was unaware of Pitcher's unavailability prior to the pretrial conference date. Consequently, the district court denied the continuance.

Godbe renewed her motion on the morning of trial. At this time, Godbe explained that, even though she regularly discussed Pitcher's testimony with Brower, Brower had not informed her that Pitcher would invoke the Fifth Amendment until the morning of September 10th. Godbe then presented proof that Pitcher's testimony would cast doubt on the credibility of the police witnesses because she would testify that she gave Rogers money to repay a loan, not to purchase methamphetamine. Pitcher testified at the motion hearing that she would testify at Rogers' trial if her attorney was present. However, her attorney would not be available until later that week.

The district court granted the continuance because Pitcher's testimony "represented . . . the only defense Mr. Rogers ha[d]." However, the district court ordered Godbe to pay costs resulting from the continuance, including the cost of summoning the jury. The district court ruled that Godbe was responsible for costs because she failed to show why

Pitcher's unavailability was not determined by the pretrial conference date, rather than on the Friday before trial. The district court also held " '[f]airness in administration and elimination of unjustifiable expense' demand that costs that the State will have to again incur for the new trial date should be borne by the person responsible for the delay." Godbe appeals the order requiring her to incur the costs of the continuance.

## II.

The trial court has the discretion to determine whether to impose a sanction. *State v. Stradley*, 127 Idaho 203, 208, 899 P.2d 416, 421 (1995). This Court will not overrule the trial court's determination unless the trial court clearly abused its discretion. *Id.* In reviewing an exercise of discretion, this court determines whether the trial court: (1) "correctly perceived the issue as one of discretion"; (2) "acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices"; and (3) "reached its decision by an exercise of reason." *Id.* If all three factors exist, the district court's ruling is beyond the purview of this Court. *Id.*

## III.

Godbe argues that the district court did not act consistently with the applicable legal standards for ordering sanctions because she was sanctioned even though she did not violate a court order or rule. She is correct.

■ Generally, a party must violate a court order or rule to receive sanctions. *See Stradley*, 127 Idaho at 208, 899 P.2d at 421 (this Court must first determine whether the sanctioned party committed a discovery violation when reviewing whether the district court abused its discretion); *See also Conley v. Whittlesey*, 126 Idaho 630, 636, 888 P.2d 804, 810 (Idaho App.1995) ("[a] district court has the power to adjudge in contempt any

person who willfully disobeys a specific and definite order of the court"). However, this Court has recognized that trial courts also have an "inherent authority to assess sanctions for bad faith conduct against all parties appearing before it." *In re SRBA Case No. 39576*, 128 Idaho 246, 256, 912 P.2d 614, 624 (1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 2136, 115 L.Ed.2d 27, 48 (1991)). For the purpose of imposing sanctions, a party acts in bad faith when it willfully conducts itself improperly or acts with an improper purpose. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir.2001).

■ In the current case, the district court did not explicitly state whether Godbe violated a court order or rule. Instead, the district court ruled that: (1) Godbe should have been aware that Pitcher was unavailable by the pretrial conference date; (2) the pretrial conference was the appropriate time to address issues such as the unavailability of a witness due to the Fifth Amendment privilege; and (3) in bringing a motion as late as she had, Godbe violated the judicial policy requiring "fairness in administration and elimination of unjustifiable expense and delay." [1] *See* Idaho Crim. R. 2(a).[2]

While the district court appears to have exercised reason, it does not appear that it acted consistently with the legal standards for sanctioning. Specifically, it did not point to a specific court rule or order that Godbe violated, nor did it find that Godbe acted in bad faith. Even though Godbe's conduct may not have been fully in line with judicial policy, this is not sufficient reason to impose sanctions.

Further, there is no evidence that Godbe acted in bad faith. While it may have been possible for her to become aware of Pitcher's unavailability prior to the pretrial conference, there is no evidence that Brower provided Godbe with this knowledge or that Godbe

---

1. Idaho R. Civ. Proc. 54(d)(3) gives the trial court the discretion in a civil matter to "impose and tax costs and expenses" to the party requesting an enlargement of time or postponement, i.e. a continuance. The Idaho Criminal Rules, however, do not contain a similar provision.

2. Idaho R.Crim. Proc. 2(a) states in full: "Purpose and Construction. These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay."

had actual knowledge sooner than September 10th. The record illustrates that Godbe had been discussing Pitcher's testimony with Brower for quite some time. However, Brower did not inform Godbe that Pitcher would invoke the Fifth Amendment until the morning of September 10th. Godbe subsequently notified the district court and requested a continuance. While Godbe could have been more diligent in anticipating that a self-incrimination issue would arise, her conduct could not be characterized as improper. Consequently, the district court was not entitled to invoke its inherent authority to sanction Godbe and the district court abused its discretion in imposing the sanction.

## IV.

We reverse the district court's order imposing sanctions. No costs, no fees.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and BURDICK concur.