# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45704

STATE OF IDAHO, )
) Boise, May 2018 Term
　　　Plaintiff-Respondent, )
) Filed: September 6, 2018
v. )
) Karel A. Lehrman, Clerk
KILO J. LE VEQUE, )
)
　　　Defendant-Appellant. )

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County, Hon. John T. Mitchell, District Judge.

The judgment of the district court is <u>affirmed in part</u>, <u>reversed in part</u>, and <u>remanded for further proceedings.</u>

Eric Don Fredericksen, State Appellate Public Defender, Boise, for Appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for Respondent. Russell J. Spencer argued.

_____

HORTON, Justice.

Kilo J. Le Veque appeals the decisions of the district court in Kootenai County to revoke his probation and subsequently relinquish jurisdiction. Le Veque argues that the district court abused its discretion in these decisions by refusing to consider the propriety of the terms of his probation at the revocation hearing and by relinquishing jurisdiction solely because Le Veque had not obtained a polygraph examination that the district court desired. The Court of Appeals affirmed the district court's order revoking probation and reversed the district court's order relinquishing jurisdiction. We granted the State's petition for review. We affirm the district court's decision revoking Le Veque's probation, reverse the district court's decision relinquishing jurisdiction, and remand the case for further proceedings before a new district court judge.

## I.　　FACTUAL AND PROCEDURAL BACKGROUND

1

Le Veque pled guilty to burglary and possession of a controlled substance. The district court imposed an underlying unified sentence of ten years, with four years fixed, for the burglary and a concurrent unified sentence of seven years, with four years fixed, for possession of a controlled substance. The district court retained jurisdiction. Following this initial period of retained jurisdiction, the district court suspended Le Veque's sentences and placed him on probation for three years.

Le Veque was initially placed on general supervision probation. After reviewing Le Veque's criminal history, the Department of Correction (Department) learned that Le Veque had been convicted of a sex offense in South Dakota within the preceding ten years and placed him on sex offender probation. By way of motions, Le Veque challenged the propriety of the terms and conditions of his probation, but the district court denied his attempts to terminate the probation or modify the terms of probation. The district court found that the Department's policy that resulted in Le Veque being placed on sex offender probation was not arbitrary or capricious. Le Veque did not appeal the district court's denial of his motions.

While on probation, Le Veque engaged in an unapproved sexual relationship, failed to provide truthful information on polygraph examinations, and was terminated from his sex offender treatment program for failing to take responsibility for his prior sex crime. Le Veque was also sanctioned for consuming alcohol and using a substance known as kratom[1] while on probation.

On October 28, 2015, Le Veque was arrested on an agent's warrant and the State filed a motion seeking revocation of his probation based upon allegations contained in his probation officer's report of violation. Le Veque denied those allegations and again challenged the propriety of subjecting him to the requirements of sex offender probation. The district court denied Le Veque's motion objecting to sex offender probation, noting that it had previously denied two similar motions. Following an evidentiary hearing, the district court found that Le Veque had willfully violated the terms of his probation. The district court revoked Le Veque's probation and ordered him to serve his previously suspended sentence, retaining jurisdiction for up to one year. In that order, the district court included the following statement: "**THE COURT SPECIFICALLY RECOMMENDS SEX OFFENDER <u>TREATMENT</u> AFTER HE FULLY**

---

[1] According to the National Institute on Drug Abuse's website, "Kratom is a tropical tree (*Mitragyna speciosa*) native to Southeast Asia, with leaves that contain compounds that can have psychotropic (mind-altering) effects." https://www.drugabuse.gov/publications/drugfacts/kratom (last visited Aug. 30, 2018).

**DISCLOSES HIS INVOLVEMENT IN HIS SOUTH DAKOTA CRIME, AND THAT HIS DISCLOSURE IS VERIFIED WITH A POLYGRAPH.**" Le Veque timely filed a notice of appeal from the order revoking probation.

Notwithstanding the district court's recommendation that Le Veque be placed in a sex offender treatment program, the Department placed Le Veque in a substance abuse program. Le Veque successfully completed the substance abuse program and the Department recommended that he be placed on probation. The prosecutor joined in the recommendation, despite concerns that Le Veque had not been placed into a sex offender program.

The district court relinquished jurisdiction, noting that he had not completed the polygraph examination that the district court had addressed in its previous order. The district court acknowledged that the Department determines the type of treatment provided but stated that Le Veque "could've arranged for a full disclosure polygraph that was passable or passed either before you went on your [second] rider or after you returned, and you haven't . . . ." Le Veque and his attorney then inquired if the district court would allow additional time for Le Veque to take a polygraph examination. The district court denied that request and entered its order relinquishing jurisdiction.

Le Veque timely appealed from the order relinquishing jurisdiction, which was treated as an amended notice of appeal. Thus, the two matters before the Court on appeal are: (1) the district court's revocation of Le Veque's probation and (2) the district court's subsequent relinquishment of jurisdiction.

## II. STANDARD OF REVIEW

When considering a case on review from a decision of the Court of Appeals, this Court gives due consideration to the conclusions of the Court of Appeals, but reviews the district court's decision directly. *State v. Rogers*, 140 Idaho 223, 226, 91 P.3d 1127, 1130 (2004). This Court exercises free review over constitutional questions. *Guzman v. Piercy*, 155 Idaho 928, 934, 318 P.3d 918, 924 (2014).

"The decision to relinquish jurisdiction or grant probation is committed to the district judge's discretion." *State v. Coassolo*, 136 Idaho 138, 143, 30 P.3d 293, 298 (2001). "Once a probation violation has been proven, the decision of whether to revoke probation is within the sound discretion of the court." *State v. Rose*, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007).

3

When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of *four* essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (emphasis in original) (citing *Hull v. Geisler*, 163 Idaho 247, 250, 409 P.3d 827, 830 (2018)).

## III. ANALYSIS

**A. The district court did not abuse its discretion when it revoked Le Veque's probation.**

The decision to revoke probation is a two-step process. *State. v. Garner*, 161 Idaho 708, 710, 390 P.3d 434, 436 (2017). First, "[a] court may not revoke probation without a finding that the probationer violated the terms of probation." *Rose*, 144 Idaho at 765, 171 P.3d at 256. "The trial court's factual findings in a probation revocation proceeding, including a finding that a violation has been proven, will be upheld if they are supported by substantial evidence." *Id.* Second, "[o]nce a probation violation has been proven, the decision of whether to revoke probation is within the sound discretion of the court." *Id.*

The district court revoked Le Veque's probation after finding that Le Veque had willfully violated his probation in three separate ways. Le Veque does not dispute the district court's factual finding that he had violated his probation on appeal. Instead, Le Veque argues that the district court abused its discretion when it revoked his probation because it did not recognize its authority to rule on the propriety of the sex offender terms of his probation at the revocation hearing. Because of the nature of Le Veque's challenge, we review the district court's decision for an abuse of discretion.

First, the Court must determine whether the district court recognized its discretion on this issue. Ultimately, the district court did revoke Le Veque's probation after finding that he had violated its terms. A court is not required to explicitly make a finding regarding its discretion if the record clearly shows that the court correctly perceived the issue. *See State v. Dunlap*, 155 Idaho 345, 364, 313 P.3d 1, 20 (2013). It is clear from the record that the district court recognized its discretion to revoke Le Veque's probation upon finding that he had violated the terms.

4

Second, the Court must determine "whether the trial court acted within the outer boundaries of its discretion. Manifestly, the decision to revoke probation was within the bounds of its discretion.

The third part of the standard of review governing discretionary decisions is squarely presented by this appeal, i.e., that the district court must have acted "consistently with the legal standards applicable to the specific choices available to it . . . ." *Hull*, 163 Idaho at 250, 409 P.3d at 830 (quoting *Athay v. Stacey*, 142 Idaho 360, 366, 128 P.3d 897, 903 (2005)). Le Veque argues that the district court is required by *State v. Jones*, 123 Idaho 315, 847 P.2d 1176 (Ct. App. 1993), to determine whether the terms of probation that he has been accused of violating are valid before revoking probation based upon violation of those terms. *See also State v. Hayes*, 99 Idaho 713, 587 P.2d 1248 (1978); *State v. Mummert*, 98 Idaho 452, 566 P.2d 1110 (1977); *State v. Oyler*, 92 Idaho 43, 436 P.2d 709 (1968). *Hayes*, in particular, makes clear that, whether a particular term of probation is invalid should be declared "where there is no evidence of a relationship to rehabilitation" at a revocation hearing. 99 Idaho at 715, 587 P.2d at 1250. However, rehabilitation and public safety are dual goals of probation. *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987). Whether the terms of probation are valid is a question of law, freely reviewed by this Court. *Mummert*, 98 Idaho at 454, 566 P.2d at 1112; *State v. Wardle*, 137 Idaho 808, 810, 53 P.3d 1227, 1229 (Ct. App. 2002); *Jones*, 123 Idaho at 318, 847 P.2d at 1179.

Le Veque argues that rather than analyzing Le Veque's motion as required, the district court believed that its hands were tied by the Department's decision to impose terms of probation that it uses to supervise sex offenders. Le Veque cites to the district court's statement that:

> I don't have the jurisdiction to tell an executive branch agency like the [Department] how to supervise you. It is their business and their business alone how they choose to classify you, what terms and conditions they choose to put upon you, and you've violated those terms and conditions.

However, Le Veque's argument on this issue ignores the reality that the district court had previously twice ruled upon Le Veque's motions on this subject. In those decisions, the district court indicated that it was deferring to the judgment and expertise of the Department in determining how to best serve the goals of Le Veque's probation. While it is true that courts may consider the validity of probation terms imposed by the Department, the district court here had already done so twice. Le Veque did not appeal the district court's two previous rulings and we

decline to consider the issue now through the lens of the revocation hearing. Accordingly, we can find no abuse of the district court's discretion by its reliance on its previous rulings regarding the validity of the terms and conditions of Le Veque's probation.

Finally, the Court must determine whether the district court's decision was reached through an exercise of reason. The district court acted consistently with the facts presented to it and the applicable law. The district court heard a wealth of evidence that Le Veque had violated the terms of his probation. Thus, Le Veque has not shown that the district court abused its discretion when it revoked his probation.

## B. The district court abused its discretion when it relinquished jurisdiction.

The district court relinquished jurisdiction based upon Le Veque's failure to comply with its recommendation that he take a polygraph examination. Le Veque argues that the district court violated his Fifth Amendment rights by relinquishing jurisdiction solely because he had not taken a court-ordered polygraph examination. The State argues that the district court did not abuse its discretion by relinquishing jurisdiction and attempts to distinguish the facts in this case from the facts in *State v. Van Komen*, 160 Idaho 534, 376 P.3d 738 (2016). This Court reviews the district court's decision to relinquish jurisdiction for an abuse of discretion. As such, the four prongs of the abuse of discretion test identified above will be applied to the district court's decision.

To analyze this issue, we must first determine whether the district court recognized its discretion on this issue. The district court did not refer to its discretion when relinquishing jurisdiction. However, as noted, a court is not required to explicitly make a finding regarding its discretion if the record clearly shows that the court correctly perceived the issue. *Dunlap*, 155 Idaho at 364, 313 P.3d at 20. Although the district court did not make an explicit finding regarding its discretion, we are satisfied that the record shows that the district court recognized the issue as one of discretion.

Second, the decision to relinquish jurisdiction is clearly a matter within the bounds of its discretion.

Third, we would typically consider "whether the trial court acted . . . consistently with the legal standards applicable to the specific choices available to it . . . ." *Hull*, 163 Idaho at 250, 409 P.3d at 830. Le Veque argues that the district court acted inconsistently with the applicable legal standards by violating his Fifth Amendment rights. However, "[t]his Court will not address

constitutional issues when a case can be decided upon other grounds." *State v. Smith*, 161 Idaho 782, 785, 391 P.3d 1252, 1255 (2017) (quoting *State v. Lee*, 153 Idaho 559, 563, 286 P.3d 537, 541 (2012)). "It is well established that when a case can be decided upon a ground other than a constitutional ground, the Court will not address the constitutional issue unless it is necessary for a determination of the case." *City of Sandpoint v. Indep. Highway Dist.*, 161 Idaho 121, 124, 384 P.3d 368, 371 (2016) (quoting *Mullinix v. Killgore's Salmon River Fruit Co.*, 158 Idaho 269, 279, 346 P.3d 286, 296 (2015)).

Due to the nature of Le Veque's challenge, deciding whether the district court's decision is consistent with the applicable legal standards would require answering serious constitutional questions. Consistent with the doctrine laid forth above, we decline to answer these constitutional questions because we find that the district court's decision was not reached by an exercise of reason.

"The role of this Court, in determining if the district court reached its decision by an exercise of reason, is to review the process the district court engaged in to make its decision." *Palmer v. Spain*, 138 Idaho 798, 801, 69 P.3d 1059, 1062 (2003). The hallmark of a discretionary decision that is not reached by an exercise of reason is arbitrariness. *See State v. Dopp*, 124 Idaho 481, 483, 861 P.2d 51, 53 (1993). The district court explained that it relinquished jurisdiction over Le Veque because Le Veque did not comply with what the district court viewed as an order to Le Veque to obtain a polygraph examination. At the hearing, the district court explained what it viewed as its order to Le Veque:

> Most recently on this rider, "The Court specifically recommends sex offender treatment after he fully discloses his involvement in his South Dakota crime and that his disclosure is verified with a polygraph. This offender needs as much cognitive restructuring as possible. He is not honest." And while certainly the Department . . . determines what treatment you're given, you could've arranged for a full disclosure polygraph that was passable or passed either before you went on your rider or after you returned, and you haven't . . . .

Certainly, courts have the power to enforce their lawfully issued orders. *State v. Garcia*, 159 Idaho 6, 13, 355 P.3d 635, 642 (2015) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders . . . ."); *see also In re Weick*, 142 Idaho 275, 278, 127 P.3d 178, 181 (2005); *Marks v. Vehlow*, 105 Idaho 560, 566, 671 P.2d 473, 479 (1983). We find, however, that the district court did not relinquish jurisdiction over Le Veque for his failure to obey a lawful order

for two reasons: the alleged order was neither specific nor definite as to what it required and to whom it was directed.

In the contempt context, district courts are empowered to "adjudge . . . any person who willfully disobeys **a specific and definite** order of the court." *State v. Rogers*, 143 Idaho 320, 322, 144 P.3d 25, 27 (2006) (emphasis added) (quoting *Conley v. Whittlesey*, 126 Idaho 630, 636, 888 P.2d 804, 810 (Ct. App. 1995)). Allowing punishment only for disobedience to specific and definite orders accords with notions of fairness and due process. The alleged order that the district court pointed to when it relinquished jurisdiction was this statement in the order revoking Le Veque's probation and committing him to the custody of the Department: "**THE COURT SPECIFICALLY RECOMMENDS SEX OFFENDER <u>TREATMENT</u> AFTER HE FULLY DISCLOSES HIS INVOLVEMENT IN HIS SOUTH DAKOTA CRIME, AND THAT HIS DISCLOSURE IS VERIFIED WITH A POLYGRAPH.**" We find that this language does not have the specificity and definition needed to be considered an order directing Le Veque to obtain a polygraph examination.

First, the language is ambiguous. The district court did not use a term like "shall" or "must" that would have made the district court's desires unambiguous commands, even though it had done so in previous orders that will be discussed below. Instead, the court recommended a course of action. The district court had, in an earlier hearing, made it clear that it did not view its recommendations as orders during this exchange with Le Veque's attorney:

> District court: When did I order your client to obtain an interstate compact to Washington?
> Attorney: In your order you allowed my client—you recommended, allowed my client for interstate compact.
> District court: Okay. So your prior statement that I ordered your client to get an interstate compact to Washington was a misstatement on your part, correct?
> Attorney: Your Honor, your order says what it says.
> District court: Please answer my question [].
> Attorney: When a judge recommends something on their order—
> . . .
> District court: Is that a misstatement[] that your client has been trying to abide by this Court's order to get an interstate compact?
> Attorney: No, your Honor.
> District court: I find it is. **There has been no order by the Court for your client to get an interstate compact. Term and condition of probation was that the Court recommends an interstate compact**, and that was put in at the time he was put on probation because your client wished to get an interstate compact, and the Court can't order an interstate compact, never has been able to.

(Emphasis added).

Even if the district court's recommendation had been couched as a command, it is unclear who the subject of the recommendation is. Certainly, the Department could have understood that the recommendation was addressed to it, rather than being a direct order to Le Veque. This is consistent with the district court's previous recognition of the Department's primary role in Le Veque's supervision: "I don't have the jurisdiction to tell an executive branch agency like the [Department] how to supervise you."

Unlike the recommendation in question, the district court's previous orders to Le Veque were specific, definite, and unambiguous when requiring that Le Veque take certain actions:

> **WEEKLY RANDOM UA/BREATH/ETG TESTING IS <u>REQUIRED</u> FOR THE FIRST YEAR OF YOUR PROBATION. IF THE [DEPARTMENT] IS NOT ABLE TO PROVIDE THIS FREQUENCY OF RANDOM TESTING, YOU MUST SET UP SUCH RANDOM TESTING AT YOUR OWN EXPENSE, WITH THE RESULTS OF SUCH TESTING BEING PROVIDED TO YOUR PROBATION OFFICER. YOU MUST IMMEDIATELY AFTER TODAY'S HEARING, GO TO ABSOLUTE OR SOME OTHER DRUG TESTING SERVICE APPROVED BY [THE DEPARTMENT], AND BEGIN WEEKLY RANDOM TESTING. WEEKLY RANDOM TESTING BEGINS IMMEDIATELY AND YOU ARE NOT ALLOWED TO WAIT UNTIL YOU MEET WITH [THE DEPARTMENT] FOR ORIENTATION OR YOUR FIRST VISIT WITH YOUR PROBATION OFFICER.**

Comparing this earlier order with the polygraph recommendation shows the arbitrary nature of the district court's decision. The district court utilized specific language in its previous order—making it abundantly clear that the order was directed to Le Veque and he was required to act. By contrast, the district court's recommendation for a polygraph examination does not utilize this type of specific language and is unclear to whom the recommendation is directed. As such, relinquishing jurisdiction over Le Veque because he failed to follow an ambiguous recommendation—rather than a specific and definite order—was not a decision reached through an exercise of reason.

The district court made other arbitrary decisions at the relinquishment hearing that help inform our conclusion that it abused its discretion in relinquishing jurisdiction over Le Veque. For example, the district court had previously recognized the Department's primary role in supervising Le Veque and determining the appropriate programming. The district court stated: "I don't have the jurisdiction to tell an executive branch agency like the [Department] how to

9

supervise you." However, at the hearing where the district court relinquished jurisdiction, the district court stated:

> I know your attorney has gone on and on and on about how you shouldn't have been—how you shouldn't have been supervised as a sex offender, but you have that in your past record so I don't know how the [Department] can supervise you as anything other than that. . . . And because of that, at least as far as I can tell right now you are incapable of being placed on probation.

The Department—for whatever reason—decided to place Le Veque in a substance abuse program rather than the sex offender treatment program that the district court had recommended. To punish Le Veque by relinquishing jurisdiction, even in part, because the Department had decided on a course of treatment contrary to the district court's recommendation represents an unreasonable change in position from the court's earlier deference to the Department.

Further, since the Department had decided not to enroll Le Veque in sex offender treatment, it is not clear what purpose would have been served by requiring Le Veque to complete the polygraph examination. The district court's recommendation appears to have contemplated that Le Veque's sex offender programming would be informed by the results of the polygraph examination. The Department's decision not to provide Le Veque with sex offender programming eliminated the apparent value of the examination.

We therefore hold that that the district court abused its discretion when it relinquished jurisdiction over Le Veque solely because he failed to follow an ambiguous recommendation from the court. The order relinquishing jurisdiction must be vacated and a new jurisdictional review hearing conducted. On remand, a different district judge must be assigned to decide whether Le Veque should be placed on probation. *State v. Van Komen*, 160 Idaho 534, 540, 376 P.3d 738, 744 (2016).

## IV. CONCLUSION

The district court's decision to revoke Le Veque's probation was not an abuse of discretion. However, the district court's decision to relinquish jurisdiction was an abuse of discretion. Therefore, we affirm the district court's decision revoking Le Veque's probation, vacate the order relinquishing jurisdiction, and remand this case for a jurisdictional review hearing to be conducted by a different district judge.

Chief Justice BURDICK, and Justices BRODY, BEVAN and Justice Pro Tem MELANSON **CONCUR.**

10