## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50818

| | |
|---|---|
| In the Matter of: Jane Doe I and Jane Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) |
| JANE DOE (2023-21), | ) ) |
| Respondent-Appellate. | ) ) ) |

Filed: October 26, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie Tucker, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Aaron Bazzoli, Canyon County Public Defender; Cassandra Wright, Deputy Public Defender, Caldwell, for appellant.

Hon. Raúl R. Labrador, Attorney General; John Spalding, Deputy Attorney General, Caldwell, for respondent.

_____

HUSKEY, Judge

Jane Doe (Doe) appeals from the magistrate court's judgment terminating her parental rights to Jane Doe I ("Doe I") and Jane Doe II ("Doe II") (collectively "children"). The magistrate court held that Doe neglected the children and termination is in the best interests of the children. Doe argues the magistrate court abused its discretion in failing to grant a continuance of the termination trial so that if Doe were released on parole, she would have time to work her case plan. Doe also argues there is insufficient evidence to support the magistrate court's finding that termination is in the best interests of the children. The magistrate court did not abuse its discretion in denying the motion for continuance. The magistrate court's findings that termination of Doe's parental rights is in the best interests of the children is supported by substantial evidence.

1

Accordingly, the magistrate court's denial of Doe's motion to continue the termination trial and the judgment terminating her parental rights to the children are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the biological mother of Doe I and Doe II.[1] In September 2020, the children were placed in shelter care after they were declared in imminent danger due to an unstable home environment. A petition under the Child Protection Act was filed, alleging the children were homeless and lacked a stable home environment which posed a threat to their health, safety, or well-being. In the alternative, the petition alleged the children were neglected, abused, abandoned, or homeless. Ultimately, the Department of Health and Welfare (Department) was granted custody of the children pending the adjudicatory hearing. Additionally, Doe was ordered to undergo drug testing. At the adjudicatory hearing, the magistrate court vested custody of the children with the Department. The court ordered a case plan for Doe in December 2020 and regular review hearings occurred thereafter.

During that time, Doe appealed from the magistrate court's decree of protective custody granting the Department custody of the children. Doe alleged the magistrate court erred in finding: (1) Doe's testimony less credible than the Department's witnesses' testimony; (2) law enforcement did not violate due process when they removed the children and declared them in imminent danger; and (3) the children were without a stable home environment. In May 2021, the district court affirmed the factual and legal findings; no further appeals were taken from the order. In August 2021, the Department requested changes to the case plan to reflect a primary goal of termination and adoption with a secondary goal of reunification. The magistrate court granted the motion. Approximately two months later, Doe was sentenced to a term of incarceration following a conviction for felony possession of a controlled substance.

In December 2021, a petition for the termination of Doe's parental rights was filed, alleging neglect as the grounds for termination based on a failure to complete the case plan and a failure to provide proper parental care and control. Doe filed an answer in February 2022. The matter was scheduled for trial in January 2023. At the pretrial conference in December 2022, Doe's attorney

---

[1] The biological fathers were parties to the parental termination proceedings. The parental rights of the biological fathers are not at issue in this appeal.

moved to continue the termination trial on the grounds that Doe would be eligible for parole in February 2023 and she would then have the opportunity to work her case plan before the termination trial. The magistrate judge presiding over the pretrial conference was not the assigned judge and denied Doe's request but advised that a motion could be made to the assigned judge for review. Doe renewed the motion for a continuance at trial. The assigned magistrate judge denied the motion, stating:

> This case has been pending for a very significant amount of time, and the actual trial of this matter I think has been pending for probably ten months or so, and so I am denying the motion to continue for all of those reasons stated in the statutes requiring the court to adhere to certain timelines in order to bring permanency for the children.

The magistrate court found Doe neglected the children as defined in Idaho Code § 16-2002(3)(b)(i) for failure to complete the case plan and work towards reunification and that the children had been in the legal custody of the Department fifteen of the most recent twenty-two months. The magistrate court ultimately concluded termination of Doe's parental rights is in the best interests of the children and thereafter entered a judgment terminating Doe's parental rights. Doe appeals.

## II.

## STANDARD OF REVIEW

A motion for a continuance is addressed to the sound discretion of the trial court and will not be overturned on appeal absent a showing of abuse of that discretion. *Dep't of Health & Welfare v. Altman*, 122 Idaho 1004, 1009, 842 P.2d 683, 688 (1992); *Krepcik v. Tippett*, 109 Idaho 696, 699, 710 P.2d 606, 609 (Ct. App. 1985). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family

3

life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

### III.

### ANALYSIS

Doe argues the magistrate court's decision to terminate her parental rights should be reversed because: (1) the magistrate court erred by denying her motion to continue the trial, which deprived her of the opportunity to complete her case plan, and (2) the magistrate court erred in determining that it is in the children's best interests to terminate her parental rights.

**A.** **The Magistrate Court Did Not Abuse Its Discretion in Denying Doe's Motion for a Continuance**

Doe argues the magistrate court abused its discretion when it denied her motion for a continuance when it did not perceive it had discretion to grant her motion to continue the termination trial. The State argues the magistrate court properly recognized its discretionary

4

authority by weighing the implied question of law, considering legal factors, and considering the substantive reasons to affirm or deny a motion.

Determining whether the court perceives an issue of discretion can be established in two ways, by explicit statements of the court or by implication based on the record. *See e.g., Caldwell Land & Cattle, LLC v. Johnson Thermal Sys., Inc.*, 165 Idaho 787, 811, 452 P.3d 809, 833 (2019) (finding district court explicitly acknowledged its discretion); *State v. Le Veque*, 164 Idaho 110, 114, 426 P.3d 461, 465 (2018) (holding court not required to explicitly make finding regarding discretion if record clearly shows court correctly perceived the issue).

Doe asserts the magistrate court failed to perceive the issue as one of discretion based on the court's reason for denying the continuance. Doe argues the court denied the request for a continuance because the case had been pending for a significant amount of time and there were "statutes requiring the court to adhere to certain timelines in order to bring permanency for the children." Doe argues this statement reflects that the district court deferred to the statutory timelines as a basis to deny her motion. She argues this was an abuse of discretion because the statutes requiring timeframes for decisions, such as I.C. § 16-1622(2)(g), are applicable to the Department, not to the magistrate court, and do not limit the court's discretion to continue hearings.

However, the magistrate court's statement, and the context in which it was made, demonstrate that the magistrate court did not deny the motion based only on the statutory timeframe:

> I appreciate that you've renewed the motion today, but I am denying the motion to continue. This case has been pending for a very significant amount of time, and the actual trial of this matter I think has been pending for probably ten months or so, and so I am denying the motion to continue for all of those reasons stated in the statutes requiring the court to adhere to certain timelines in order to bring permanency for the children.

The magistrate court denied the motion because the case had been pending for a significant period of time and based on the reasons in the statutes that address timelines for permanency for the children. Doe points to I.C. § 16-1622(2) as an example of a statute which addresses the requirements for a permanency plan and the timelines for the hearings thereon. While I.C. § 16-1622(2) includes timelines for various hearings within the statute, it also lists options for a child's permanent placement and the various requirements and timelines for each of those options. I.C. § 16-1622(2)(a)-(g). Idaho Code § 16-1622(2)(h) also lists factors to consider for the best interests of the child for those placements. Like the other sections within Chapter 16, I.C. § 16-1622

5

delineates various permanency options that are designed to obtain long-term, safe and stable placement for the children. *See generally* I.C. § 16-1601 *et. seq.*

Thus, although Doe focuses on the timelines listed in I.C. § 16-1622(2), the record does not support her argument that the magistrate court relied only on those timelines as the basis for its decision or that the magistrate court relied only on the reasons articulated in I.C. § 16-1622 as opposed to reasons underlying the statutes in Chapter 16. In fact, the magistrate court referenced *statutes* not *statute*.

Moreover, after Doe's motion to continue the trial, the magistrate court provided the State, the guardian *ad litem* for Doe I, and the conflict attorney for the guardian ad litem an opportunity to address the motion. The State opposed the motion based on the length of time the case had been pending and the speculative nature of Doe's parole. The guardian ad litem for Doe I objected, explaining that the anticipation of the trial was "weighing heavy" and had "taken a big toll" on Doe I. The attorney representing the guardian ad litem objected to the continuance without articulating a reason. Thereafter, the magistrate court denied the motion. If the magistrate court did not believe it had discretion to continue the trial, the court would have rendered a decision based only the statutory time limits and would not have a reason to solicit input from other parties regarding the continuance. The record reflects that the court understood it had the discretion to rule on the motion and, thus, did not abuse its discretion by failing to perceive the issue as discretionary.

**B.      The Magistrate Court's Decision to Terminate Doe's Parental Rights Is Supported by Substantial, Competent Evidence**

Doe argues the magistrate court erred in determining that it is in the children's best interests to terminate Doe's parental rights.[2] The State argues the magistrate court did not err.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Upon

---

[2]      Doe does not challenge the magistrate court's finding of neglect.

finding statutory grounds for termination, the court must also find that it is in the best interests of the child to terminate the parent-child relationship. I.C. § 16-2005(1). Both findings must be established by clear and convincing evidence.

After finding Doe neglected the children, the magistrate court further determined it is in the best interests of the children to terminate Doe's parental rights. When considering the best interests of the child, a trial court may consider several factors including the stability and permanency of the home, unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014).

At trial, the magistrate court heard extensive testimony from the Department about Doe's lack of efforts to complete the case plan prior to her incarceration. Doe also testified about failing to complete the plan. The magistrate court found that Doe: (1) failed to enroll in substance abuse treatment and consistently submit to drug testing as requested; (2) failed to follow through with mental health services; (3) did not complete a protective parenting class as required; (4) incurred legal issues because of her possession and use of controlled substances; (5) failed to maintain employment or a source of income for meeting the financial needs of the family as required; (6) did not establish safe and stable housing as required; and (7) never progressed beyond supervised visitation with her children. As to the children, the magistrate court found the children: (1) were placed with a family member for the entirety of the case; (2) were in a safe and stable environment; (3) had made progress with their emotional and mental health; and (4) had all their needs met by the foster parents.

Doe argues that the magistrate court too narrowly focused on Doe's criminal charges; her incarceration status at the time of the termination trial; the fact that her "stability outside of incarceration is untested"; her history of inappropriate parenting; that she had no meaningful relationship with Doe I; and that even if Doe were released from prison, she was not in an immediate position to care for her children. The record belies this argument.

First, I.C. § 16-2005 permits the magistrate court to consider various factors, including Doe's criminal status, her incarceration status, her past behaviors, the circumstances that brought the children into custody, and Doe's efforts to improve her situation. Doe's statement that her "stability outside of incarceration is untested" is untrue. For approximately twelve months, Doe

7

was not incarcerated and failed to address the circumstances that brought the children into the Department's custody. The magistrate court considered Doe's behavior and lack of progress prior to her incarceration and noted that, "at the onset of the child protection case, [Doe] was freely able to engage in the tasks of her case plan and did not do so." During the year prior to Doe's incarceration, she did not obtain or maintain safe and stable housing, incurred felony and misdemeanor convictions, failed to engage in any substance abuse treatment, and admitted to using controlled substances. By the time the Department recommended the permanency plan be amended to termination, Doe had not completed any sort of treatment and visitation had been suspended due to a criminal investigation involving Doe and because of the children's emotional dysregulation after the visits. Despite the children living in the Caldwell area, Doe moved to Pocatello where she lived in her car. Doe attributed her decision to leave to the suspension of in-person visitation with the children and a bad relationship. Nonetheless, despite the suspension of in-person visits, Doe had the ability to maintain communication with her children through letters and pictures and did so on one occasion in September 2022, which was the only contact Doe made with the children since September 2021.

Doe argues the magistrate court did not consider the "role the Department played in alienating [the children] from their mother," and argues the lack of bonding between Doe and the children was the result of the Department's suspension of visits. To the extent Doe's argument turns on whether reasonable reunification efforts were made pursuant to the magistrate court's orders of termination, those arguments are unpersuasive as the Idaho Supreme Court has repeatedly held that "inquiry into reunification efforts is not relevant for the court to terminate parental rights." *Idaho Dep't of Health & Welfare v. Doe I*, 163 Idaho 83, 96, 408 P.3d 81, 94 (2017).

The magistrate court found Doe's life to be volatile, chaotic, and laced with substance use. In contrast, the magistrate court found the children were "safe and stable" in foster care. The children received necessary therapeutic services, and the foster parent met the children's needs in a way Doe could not. For example, the magistrate court heard testimony that one of the children has mental health issues that required both hospitalization and trauma therapy. As a result of the services, the child is more emotionally healthy. The child is very bonded to her foster parent and refuses to return to Doe's care. The other child also had significant behavioral issues when she entered foster care and also attended intensive therapy. She developed coping skills, and her

8

behavior has improved. The magistrate court further found that it is not in the children's best interests to "languish in foster care in the hopes that a biological parent will be able to become a safe and stable placement."

Doe failed to address the myriad of issues that brought the children into the Department's custody. After being placed in foster care, the children were safe and stable and making progress on addressing their trauma as a result of Doe's parenting. Substantial and competent evidence supports the magistrate court's decision that it is in the children's best interests to terminate Doe's parental rights.

## IV.

## CONCLUSION

The magistrate court's denial of Doe's motion to continue the termination trial and the judgment terminating Doe's parental rights to the children is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.