**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51550**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 9, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LOUIS DANIEL F. MANOS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order relinquishing jurisdiction, <u>reversed</u> and <u>case</u> <u>remanded</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Louis Daniel F. Manos appeals from the district court's order relinquishing jurisdiction. We reverse the district court's order and remand this case for further proceedings.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Manos pled guilty to burglary with the intent to commit video voyeurism. At sentencing, the district court imposed a unified term of ten years, with a minimum period of confinement of two years. The district court then retained jurisdiction and sent Manos to participate in a rider program, noting that doing so would give the Department of Correction an opportunity to place Manos in a rehabilitative program. The district court acknowledged the Department determines the appropriate programming. When addressing Manos at sentencing, the district court stated that

1

the Department "will evaluate you and make a determination which facility to place you in that has the treatment that you need to address your issues." However, the district court stated that it was "going to specifically recommend a sex-offender treatment program." The district court explained:

> And at the end, once I receive a report back from the Department of Corrections that either says that you're unwilling or unable to engage in that treatment and they're recommending that I relinquish jurisdiction and just impose the sentence or I get a report back that says they're recommending probation because you've been successful in that treatment, it's actually me as the District Court that will make that decision.

At the conclusion of the rider, the district court held a hearing and noted it had reviewed the rider report that indicated Manos participated in the Thinking for a Change class and acknowledged the report recommended probation. The State maintained its recommendation for imposition of the sentence. The State argued Manos's participation in the program as being "surface level" and that "there was very little effort put in." While the State noted it was concerned that Manos did not participate in sex-offender treatment, it based its recommendation on its "concerns about the lack of effort put into some of those classes and how that will translate into further treatment while on probation and how that will potentially effect the community." Manos argued in favor of probation, noting he had a good release plan and had "completed everything the rider folks have asked him to do."

The district court stated that it had hoped that the Department would have addressed that Manos needed sex-offender treatment given his evaluation showed that he was on the upper end of a moderate risk to reoffend in a sexual way. The district court noted that the program Manos participated in was not sex-offender treatment, noting: "So in this particular case, you did not do any type of sex-offender treatment while on a rider, and that still needs to be significantly addressed." Based on this, the district court concluded, "I am going to relinquish jurisdiction" and ordered execution of Manos's sentence. Manos appeals.

## II.

## STANDARD OF REVIEW

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712,

639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Manos argues the district court abused its discretion by relinquishing jurisdiction for failing to satisfy a condition over which he had no control--sex-offender programming during his rider. The State responds that Manos has failed to show an abuse of discretion because the district court's desire for sex-offender programming was only a recommendation and, regardless of the IDOC's programming and placement decisions, the district court "did not lose its discretion to relinquish jurisdiction just because the IDOC did not place Manos in sex offender treatment." We hold that the district court's decision to relinquish jurisdiction based on the IDOC's sole decision regarding sex-offender programming was an abuse of discretion.

The Idaho Supreme Court's decision in *State v. Le Veque*, 164 Idaho 110, 426 P.3d 461 (2018) is instructive. In that case, Le Veque pled guilty to burglary and possession of a controlled substance, and the district court placed him on probation. *Id*. at 112, 426 P.3d at 463. The Department reviewed Le Veque's criminal history, learned he had a sex-offense conviction in South Dakota, and placed him in a sex-offender treatment program. Le Veque violated his probation and, as a result, the district court revoked Le Veque's probation and retained jurisdiction. In the order retaining jurisdiction, the district court recommended sex-offender treatment and a polygraph: "THE COURT SPECIFICALLY RECOMMENDS SEX OFFENDER TREATMENT AFTER HE FULLY DISCLOSES HIS INVOLVEMENT IN HIS SOUTH DAKOTA CRIME, AND THAT HIS DISCLOSURE IS VERIFIED WITH A POLYGRAPH." *Id*. During his rider, Le Veque completed a substance abuse program, but the Department did not place Le Veque in a sex-offender treatment program. At the rider review hearing, the district court relinquished jurisdiction, noting that Le Veque had not completed a polygraph as ordered and that he could

3

have but did not arrange for a polygraph. The district court denied Le Veque's request for more time to obtain a polygraph. *Id*. at 113, 426 P.3d at 464.

On appeal, the Idaho Supreme Court determined that the district court's decision was not reached by an exercise of reason and noted that "the hallmark of a discretionary decision that is not reached by an exercise of reason is arbitrariness." *Id*. at 115, 426 P.3d at 466. The Court recognized that, while trial courts are empowered to adjudge any person who willfully disobeys a specific and definite order of the trial court, punishment is allowed only where "disobedience to specific and definite orders accords with notions of fairness and due process." *Id*. at 116, 426 P.3d at 467. The Court concluded the order did not have "the specificity and definition needed to be considered an order directing Le Veque to obtain a polygraph examination." *Id*. The Court ruled that the order was ambiguous because it did not state Le Veque "shall" or "must" obtain a polygraph; rather, it "recommended" a polygraph. *Id*. Further, the Court ruled that it was unclear whether Le Veque or the Department was the subject of the recommendation. *Id*. As a result, the Court held that relinquishing jurisdiction over Le Veque because he failed to follow an ambiguous recommendation--rather than a specific and definite order--was not a decision reached through an exercise of reason. *Id*. at 117, 426 P.3d at 468.

The Court held "the district court made *other arbitrary decisions* at the relinquishment hearing that help inform our conclusion that it abused its discretion in relinquishing jurisdiction over Le Veque." *Id*. (emphasis added). As an example, the Court noted the district court previously recognized that the IDOC determines the appropriate programming; however, at the rider review hearing, the district court stated:

> I know your attorney has gone on and on and on about how you shouldn't have been--how you shouldn't have been supervised as a sex offender, but you have that in your past record so I don't know how [the IDOC] can supervise you as anything other than that. . . . And because of that, at least as far as I can tell right now you are incapable of being placed on probation.

*Id*. The IDOC decided to place Le Veque in a substance abuse program rather than the sex-offender treatment program that the district court recommended. The Court held that "to punish Le Veque by relinquishing jurisdiction, *even in part*, because [the IDOC] had decided on a course

4

of treatment contrary to the district court's recommendation represents an unreasonable change in position from the court's earlier deference to [the IDOC]." *Id.* (emphasis added).[1]

This ruling is dispositive of Manos's appeal and the State's arguments to the contrary are not persuasive. The State attempts to distinguish *Le Veque* by arguing the Supreme Court concluded the district court abused its discretion because it relinquished jurisdiction based on Le Veque's failure to follow an ambiguous recommendation by the district court. However, this argument does not address the Supreme Court's statements that it was an arbitrary decision and unreasonable to relinquish jurisdiction "even in part" because the IDOC decided on a treatment program contrary to the district court's recommendation. *Id.* Like *Le Veque*, the district court here made a treatment recommendation which the IDOC did not follow. In both cases, the district court recognized that the IDOC determines placement in a treatment program. In this case, the district court relinquished jurisdiction at the review hearing based on Manos's nonparticipation in sex-offender treatment. As in *Le Veque*, for the district court to punish Manos *even in part* based on the IDOC's failure to place Manos in sex-offender treatment is arbitrary and unreasonable.

The State correctly points out that "the district court did not lose its discretion to relinquish jurisdiction just because the IDOC did not place Manos in sex offender treatment." However, Manos does not make an assertion to the contrary. The State argues that Manos implied that the IDOC "can essentially bind the district court's probation determinations through its recommendations and treatment placements." Manos does not make this suggestion. Indeed, in his reply brief, Manos explicitly states he is not claiming he is entitled to probation and, instead, is requesting a new rider review hearing. Furthermore, citing *State v. Statton*, 136 Idaho 135, 137, 30 P.3d 290, 292 (2001), Manos acknowledges that good behavior while on a rider "though commendable, does not alone create an abuse of discretion in the district judge's decision not to place the defendant on probation or reduce the sentence."

The State also appears to argue that the district court relinquished jurisdiction based on Manos's quality of participation in his treatment program. As support, the State points to the

---

[1]     The Court also concluded that the IDOC's decision not to provide Le Veque with sex-offender programming eliminated the apparent value of the polygraph examination because the district court's recommendation appears to have contemplated that Le Veque's sex-offender programming would be informed by the results of the polygraph examination. *Id.*

district court's comments at the sentencing hearing that it was important that Manos meaningfully engage in treatment. If the district court intended to relinquish jurisdiction based on Manos's failure to meaningfully engage in his treatment program, then the district court could have done so. However, the district court did not mention Manos's level of engagement in his treatment program. Instead, it specifically stated it was relinquishing jurisdiction based on Manos's failure to engage in sex-offender treatment. We decline to interpret statements made at sentencing as support for the district court's decision to relinquish jurisdiction at the subsequent review hearing. Moreover, it is clear from the district court's statements that it relinquished jurisdiction based, at least in part, if not entirely, on the IDOC's failure to place Manos in sex-offender treatment. As in *Le Veque,* this decision was erroneous.

We hold that the district court erred when it relinquished jurisdiction over Manos because he failed to participate in sex-offender treatment as recommended by the district court given that Manos's ability to participate in such treatment was solely within the IDOC's control. Accordingly, the order relinquishing jurisdiction must be reversed and a new jurisdictional review hearing conducted.

**IV.**

**CONCLUSION**

The district court's decision to relinquish jurisdiction was an abuse of discretion. Therefore, we reverse the order relinquishing jurisdiction and remand this case for a jurisdictional review hearing.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.