**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39954**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Opinion No. 57 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 25, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GARRY KEVIN WIDMYER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction and sentence for injury to children, <u>affirmed</u>.

John Adams, Chief Kootenai County Public Defender; J. Bradford Chapman, Senior Staff Attorney, Coeur d'Alene, for appellant. J. Bradford Chapman argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

_____

GRATTON, Judge

Garry Kevin Widmyer appeals from his sentence entered upon his guilty plea to injury to children, Idaho Code § 18-1501(2).

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State initially charged Widmyer with lewd conduct with a minor under the age of sixteen and sexual abuse of a child under the age of sixteen. Widmyer's first trial resulted in a mistrial. At Widmyer's second trial, the jury was again unable to reach a unanimous verdict. Rather than face a third trial, Widmyer entered an *Alford*[1] plea to a misdemeanor charge of injury to a child.

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

The district court sentenced Widmyer to 365 days in jail, with 174 days suspended, and imposed a $750 fine. The district court also ordered supervised probation for a period of two years upon release from jail. Widmyer's probation terms required him to obtain a psychosexual evaluation with a polygraph exam, and to comply with any recommended treatment. Widmyer agreed to the terms of probation.

Thereafter, Widmyer filed a Rule 35 motion to vacate his sentence. He alleged the sentence was excessive under the circumstances, it was in excess of the maximum sentence allowed by statute, and the probationary terms violated his Fifth Amendment right to remain silent. The district court granted the motion to vacate because Widmyer's one-year jail sentence surpassed the six-month maximum allowed. At the hearing on the motion, the district court explained that it intended to resentence Widmyer to supervised probation with a psychosexual evaluation continuing as a condition. The court also noted Widmyer was free to accept or reject probation, but if he rejected probation, his jail time would be near the six months allowed under the statute.

At the subsequent sentencing hearing, the district court asked Widmyer if he accepted supervised probation which included the psychosexual evaluation. Through defense counsel, Widmyer rejected the psychosexual evaluation condition, asserting that he had a Fifth Amendment right to remain silent. Defense counsel also argued the court should limit Widmyer's length of sentence because of the hardship he had faced since the original sentencing. The court explained the psychosexual evaluation had been included to determine whether Widmyer posed a danger to society and if so, that he could have then obtained treatment. Acknowledging that Widmyer declined the condition of probation, the court imposed 156 days in jail and a $637.50 fine. The district court stayed the sentence to allow an appeal before Widmyer served his entire sentence.

## II.

## ANALYSIS

Widmyer claims that the district court lacked the authority to include a psychosexual evaluation as a condition of probation and that his sentence was excessive and punishment for exercising his Fifth Amendment right.

A.	**Psychosexual Evaluation as a Term of Probation**

1.	**Statutory authority**

Widmyer claims the district court lacked the authority to impose a psychosexual evaluation because he pled guilty to a misdemeanor charge of injury to child, not a sex crime. A sentencing court may "place the defendant on probation under such terms and conditions as it deems necessary and expedient." I.C. § 19-2601(2). "It is apparent from the broad language of [I.C. §] 19-2601 that the legislature intended the courts to have maximum flexibility to fashion the sentence most appropriate to the individual defendant. The statute therefore must be liberally construed." *State v. Wagenius*, 99 Idaho 273, 279, 581 P.2d 319, 325 (1978).

Widmyer claims I.C. § 18-8316 limits the authority of when a sentencing court can require a psychosexual evaluation. I.C. § 18-8316 provides:

> If ordered by the court, an offender convicted of any offense listed in section 18-8304, Idaho Code, may submit to an evaluation to be completed and submitted to the court in the form of a written report from a certified evaluator as defined in section 18-8303, Idaho Code, for the court's consideration prior to sentencing and incarceration or release on probation. The court shall select the certified evaluator from a central roster of evaluators compiled by the sexual offender management board. A certified evaluator performing such an evaluation shall be disqualified from providing any treatment ordered as a condition of any sentence, unless waived by the court. An evaluation conducted pursuant to this section shall be done in accordance with the standards established by the board pursuant to section 18-8314, Idaho Code.

Widmyer argues that because injury to a child is not among the offenses listed under I.C. § 18-8304, the district court lacked authority to require a psychosexual evaluation as part of his probation. Nothing in the language of I.C. § 18-8316 limits the court's discretion to issue terms of probation authorized by I.C. § 19-2601(2). The State correctly points out that the only limitation under I.C. § 19-2601(2) is that the condition of probation reasonably relate to rehabilitation. *See State v. McCool*, 139 Idaho 804, 807, 87 P.3d 291, 294 (2004). The district court imposed the psychosexual evaluation to determine if Widmyer posed a risk to the public (since he had originally been charged with sex crimes) and to allow him to obtain any necessary treatment, which reasonably relates to Widmyer's rehabilitation.

Widmyer also claims I.C. § 19-2524 limits the court's authority to require a psychosexual evaluation because it allows a court to order a mental health examination or substance abuse evaluation only in felony cases. At the time of Widmyer's sentencing, I.C. § 19-2524(1) read:

3

When a defendant has pled guilty to or been found guilty of a felony, or when a defendant who has been convicted of a felony has admitted to or been found to have committed a violation of a condition of probation, the court, prior to the sentencing hearing or the hearing on revocation of probation, may order the defendant to undergo a substance abuse assessment and/or a mental health examination.[2]

Widmyer argues that because he was sentenced on a misdemeanor charge, the court lacked authority to impose a psychosexual evaluation since I.C. § 19-2524 only grants authority to district courts in felony cases. Again, the language of I.C. § 19-2524 in no way limits a district court's authority to impose conditions of probation. Further, "[o]ur statutes make no distinction between felonies and misdemeanors with respect to the discretion afforded the sentencing court in fashioning terms of probation." *State v. Josephson*, 125 Idaho 119, 122, 867 P.2d 993, 996 (Ct. App. 1993). The statutes cited by Widmyer do not restrict a court's broad authority to impose conditions of probation.

### 2. Fifth Amendment right implications

Widmyer also claims the district court's sentence, including the psychosexual evaluation as a term of probation, violated his Fifth Amendment right. The Fifth Amendment to the United States Constitution protects against compelled self-incrimination. *Estrada v. State*, 143 Idaho 558, 563, 149 P.3d 833, 838 (2006). The State, in administration of its probation system, may validly demand: (1) answers to questions that pose no realistic threat of incrimination;[3] and (2) incriminating answers so long as the State recognizes the statements will be unavailable in future criminal proceedings, such as through providing immunity. *Minnesota v. Murphy*, 465 U.S. 420, 435 n.7 (1984); *State v. Crowe*, 131 Idaho 109, 112, 952 P.2d 1245, 1248 (1998). Thus, a district court may lawfully impose a psychosexual evaluation as a condition of probation

---

[2]     Widmyer was sentenced in April 2012. Idaho Code § 19-2524 was modified by House Bill 648, which became effective March 1, 2013. *See* 2012 Idaho Sess. Laws, ch. 225, § 3, pp. 614-18.

[3]     An example would be requiring answers to questions relating to conditions of probation. Such answers may only be used in a probation revocation hearing, which is not a criminal proceeding, and therefore, not incriminating for Fifth Amendment purposes. *See United States v. Locke*, 482 F.3d 764, 767 (5th Cir. 2007) (finding a probationer could not properly invoke Fifth Amendment where questions dealt with the condition to not view pornography because viewing of pornography was not itself a crime and therefore the answers could not be used in future criminal proceedings).

as part of a defendant's rehabilitation. However, unless the State grants the defendant immunity from prosecution for crimes divulged, a defendant retains the right to properly and timely assert the Fifth Amendment whether the defendant has been convicted of a crime, is imprisoned, or is on probation. *Murphy*, 465 U.S. at 426.

Widmyer's claim is that the district court forced him to choose between conditional liberty and incriminating himself for past crimes by complying with the psychosexual evaluation. Widmyer relies on *United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005), wherein the defendant's probation was revoked which the court determined violated his Fifth Amendment right. However, *Antelope* is inapposite to the present case. The probationer in *Antelope* accepted the condition of probation to attend a treatment program. The program demanded answers to incriminating questions, the probationer invoked his right to remain silent and, as a result, his probation was revoked. *Id.* at 1131-32. Whereas here, Widmyer rejected a lawful condition of probation, had not yet been asked any potentially incriminating questions, and has failed to establish how attending the treatment program by itself would in any way incriminate him.

If a defendant chooses to accept the terms of probation that may lead to incriminating questions, the defendant does not, by virtue of accepting the terms, waive the right to assert the Fifth Amendment when the questions are presented. *Murphy*, 465 U.S. at 426. Though a prospective probationer may choose to reject the psychosexual evaluation as a probationary term, rejecting the condition does not restrict a court's discretion to then impose an appropriate sentence.

Here, the district court lawfully exercised its authority when it included the psychosexual evaluation as a term of probation. Widmyer was free to accept or reject this condition. *See McCool*, 139 Idaho at 807, 87 P.3d at 294 ("A defendant may decline probation when he [or she] deems its conditions too onerous, and demand instead that he [or she] be sentenced by the court."). Prospective probationers often face a difficult decision of whether to accept lawful terms of probation. *See State v. Sandoval*, 92 Idaho 853, 861, 452 P.2d 350, 358 (1969) (condition prohibiting operation of a motor vehicle); *State v. Jeffs*, 140 Idaho 466, 469, 95 P.3d 84, 87 (Ct. App. 2004) (condition to pay child support); *State v. Wardle*, 137 Idaho 808, 810, 53 P.3d 1227, 1229 (Ct. App. 2002) (conditions to not possess computers in the home or consume alcohol); *Josephson*, 125 Idaho at 123, 867 P.2d at 997 (condition to waive Fourth Amendment right against warrantless searches); *State v. Davis*, 107 Idaho 215, 217, 687 P.2d 998, 1000 (Ct.

App. 1984) (condition to have no further contact with the probationer's boyfriend). Widmyer exercised his right to reject the psychosexual evaluation condition, but he did not effectively invoke the Fifth Amendment because he was not, at that point, at risk of self-incrimination. Upon Widmyer refusing probation, the district court was free to implement an alternative sentence to protect the public and help Widmyer rehabilitate.

## B.     Length of Sentence

Appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Widmyer claims the 156-day sentence for injury to a child "is excessive under any reasonable view of the facts because the sentence does not protect society, is excessive for deterring crime as applied to Mr. Widmyer, does not take into account the possibility of rehabilitation, and the sentence is too harsh for an individual with no criminal history." Widmyer also claims that the *Alford* plea contained no factual allegations, and the complaint only contained allegations that are included in the injury to a child statute. Finally, Widmyer claims the district court imposed the sentence as punishment for him exercising his Fifth Amendment right to remain silent by rejecting the psychosexual evaluation.

Widmyer originally faced two felony charges: lewd conduct with a minor under the age of sixteen, and sexual abuse of a child under the age of sixteen. The sentencing court presided

over the trial. The State presented evidence that over the course of several months, Widmyer engaged in what an expert described as grooming behavior by ingratiating himself with two of his daughter's adolescent friends, welcoming them into his home, sending text messages, giving gifts to one of them, and routinely engaging in wrestling matches and tickle fights with both of them. As to one victim, there was testimony that Widmyer put his hand down her pants and underwear and rubbed his fingers on her vagina, and as to the other victim, that Widmyer put his hand down her pants and underwear and touched her near her vagina with his fingertips. Although Widmyer claimed any alleged touching was unintentional and entered an *Alford* plea only to injury to a child, the district court could consider this evidence in fashioning a sentence. *See State v. Baker*, 153 Idaho 691, 697, 290 P.3d 1284, 1289 (Ct. App. 2012).

Additionally, the district court acknowledged the testimony was disputed at trial, that a mistrial resulted, and the impact the process had on Widmyer and his family. The district court indicated the psychosexual evaluation was for the purpose of protecting society and to help Widmyer get any necessary rehabilitative treatment. Without the option of probation with rehabilitative treatment, the jail sentence was necessary to protect society and promote rehabilitation. The district court possessed an adequate factual basis to impose the 156 days of jail time.

There is also no support for the assertion that the district court imposed "close to the maximum" sentence against Widmyer as retaliation for invoking his right to remain silent. Widmyer received 156 days of a possible 180 days. He had originally been sentenced to a longer term. The length of Widmyer's sentence is supported by the record and is not based upon animus from the court for Widmyer invoking his Fifth Amendment right. Moreover, as explained above, the Fifth Amendment did not confer on Widmyer a right to refuse an evaluation and treatment.

### III.

### CONCLUSION

The district court offered Widmyer a lawful condition of probation. Widmyer rejected probation and the district court imposed a sentence well within its discretion. Widmyer's judgment of conviction and sentence are affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**