**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket Nos. 45821/46817**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **Opinion Filed:  October 2, 2020** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| **v.** | ) | |
| | ) | |
| **MATTHEW ALLEN ALLMARAS,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Order revoking probation, <u>reversed</u>; order relinquishing jurisdiction, <u>reversed</u>; and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff D. Nye, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Matthew Allen Allmaras appeals in these consolidated cases from the district court's orders revoking probation and relinquishing jurisdiction.  Because the district court abused its discretion by imposing an invalid condition of probation and by revoking Allmaras's probation based on the court's allegation that Allmaras violated the invalid condition, the order revoking probation is reversed.  The order relinquishing jurisdiction is also reversed, and the case is remanded for further proceedings before a different judge.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Allmaras was charged with lewd conduct with a minor.  Allmaras and the State entered into an Idaho Criminal Rule 11(f) plea agreement.  In exchange for Allmaras's guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) to one count of felony injury to a

child, the State agreed that the sentence imposed would be a unified sentence of two years, with one year determinate; the sentence would be suspended for two years; and Allmaras would be placed on probation with the first year of probation being supervised. At the plea hearing, Allmaras's attorney stipulated that there were sufficient facts upon which a jury could return a guilty verdict should Allmaras go to trial. The district court read the charging language in the amended information, advised Allmaras that by pleading guilty on an *Alford* basis he would be admitting the truthfulness of the charge, and asked Allmaras how he pleaded to the charge. Allmaras responded, "Guilty." The district court accepted the guilty plea and ordered the preparation of a presentence investigation report, but did not order or mention any requirement for psychosexual and polygraph examinations.

The case was then assigned to the present presiding district court judge. The newly assigned district court rejected the plea agreement, but Allmaras declined to withdraw his plea. At sentencing, the court asked Allmaras, "Is there a reason why there's no psychosexual evaluation, no full disclosure polygraph?" Allmaras responded, "No, Your Honor." The district court imposed a unified sentence of ten years, with three years determinate, suspended execution of the sentence, and placed Allmaras on four years of supervised probation. As a condition of probation (Condition 21), the district court required Allmaras to immediately serve 180 days in jail. Condition 21 noted that Allmaras would be released early if he passed a full disclosure polygraph but if he failed the polygraph, the district court would retain jurisdiction for 365 days.

Allmaras filed an Idaho Criminal Rule 35 motion to modify his sentence and argued that the condition of probation, which required him to pass a full disclosure polygraph, violated his Fifth Amendment right against compelled self-incrimination. At the hearing on the Rule 35 motion, Allmaras's counsel sought clarification on Condition 21. The district court explained that Allmaras could start his period of retained jurisdiction immediately if he chose not to participate in the polygraph rather than wait in jail for 180 days to run. Allmaras's attorney then sought information from the district court on how Allmaras could immediately begin the period of retained jurisdiction. The district court thought "the appropriate procedural thing to do would be for [Allmaras] to admit that he violated his probation at this time by not getting a full disclosure polygraph." Allmaras's counsel did not agree that Allmaras violated Condition 21 because the condition was to serve 180 days

2

in the jail, with the length of time in jail conditioned upon on whether Allmaras passed or failed the polygraph. Because Allmaras could choose not to undergo the polygraph and simply remain in jail for 180 days, counsel argued it could not be a probation violation to decline to participate in the full disclosure polygraph.

The district court disagreed and told Allmaras he could either go forward with the Rule 35 motion or go forward on an admit/deny hearing on a probation violation allegation for failing to obtain a polygraph. Allmaras denied that he violated Condition 21 after which the district court itself alleged a probation violation and scheduled an evidentiary hearing.

At the evidentiary hearing, the State did not present any evidence. Instead, the prosecutor asked the court "to take judicial notice that there's no polygraph in the file." The district court indicated it would take judicial notice of "the entire file" and if "examination of that entire court file indicates a lack of [a polygraph] examination, then that's what it indicates." On that point, the district court stated it was "quite sure that's what it indicates." In response to the district court's invitation for argument, Allmaras's counsel argued that the State had not established a probation violation, in part because the probation condition gave Allmaras three options. First, Allmaras could serve the 180 days in jail, but be released early by participating in and passing a polygraph. Second, if Allmaras participated in and failed a polygraph, the district court would retain jurisdiction, although it is unclear from the order whether that would occur at the end of the 180 days or upon a review of the failed polygraph evaluation. Third, if Allmaras refused to participate in a polygraph, he would serve the 180 days and then remain incarcerated during a period of retained jurisdiction. Because Allmaras could choose not to participate in the polygraph, he could not be in violation of Condition 21 for selecting that option.

The district disagreed, found Allmaras violated his probation by failing to submit to a full disclosure polygraph, and then ordered into execution Allmaras's unified sentence of ten years, with three years determinate, and retained jurisdiction. Turning to the retained jurisdiction, the district court told Allmaras he "need[ed] to pass [a] full disclosure polygraph regarding the events in question" while on his period of retained jurisdiction or the district court would impose the prison sentence. Allmaras's counsel asked the district court to clarify what it meant by a "full disclosure polygraph." The district court explained that it wanted Allmaras to undergo a polygraph "regarding the

3

event in question with this 12-year-old and *any other acts*." (Emphasis added.) Allmaras's counsel objected to the district court's requirement on the ground that it would violate Allmaras's Fifth Amendment rights. The district court told counsel: "[Y]ou're going to have to advise your client appropriately. But if I don't see a polygraph that details his knowledge of the events in question, I guarantee you I will impose the prison sentence." The district court then told Allmaras, "If you don't have a polygraph at least concerning the events in question, I will impose your prison sentence. Do you understand that?" Allmaras indicated he understood. Allmaras appealed the order revoking his probation, giving rise to Docket No. 45821.

Allmaras successfully completed his period of retained jurisdiction. The Idaho Department of Correction (Department) program manager and case manager recommended that Allmaras be placed on probation. Allmaras's counsel asked the district court to place Allmaras on probation. The State made no recommendation, but noted that Allmaras had not submitted the results of a polygraph. The district court explained that, while it could not legally require a "full disclosure polygraph because of Idaho case law,"[1] it acted " within [its] discretion to order [Allmaras] to take a polygraph to find out about the events in question." The district court explained that it needed the polygraph "to know who [it was] dealing with" because "there's [sic] clearly two different stories" between Allmaras's version and the victim's version. Solely because Allmaras had not submitted a polygraph, the district court relinquished jurisdiction. Allmaras timely appealed, giving rise to Docket No. 46817. The cases were consolidated for purposes of appeal.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached

---

[1]     It is not entirely clear on what case law the district court relied, but Allmaras cited *State v. Van Komen*, 160 Idaho 534, 376 P.3d 738 (2016) in his initial Idaho Criminal Rule 35 motion and argued the applicability of *Van Komen* at the probation violation evidentiary/disposition hearing.

its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

**III.**

**ANALYSIS**

Allmaras asserts the district court abused its discretion in Docket No. 45821 in two ways: first, by imposing a full disclosure polygraph as a condition of probation; and second, by determining that Allmaras violated the terms and conditions of his probation when he refused to participate in a polygraph examination. In Docket No. 46871, Allmaras asserts the district court abused its discretion when it relinquished jurisdiction based solely on Allmaras's refusal to participate in the polygraph. This Court holds that the district court abused its discretion in imposing an invalid condition of probation and when it, on its own motion and without the presentation of evidence, revoked Allmaras's probation based on the court's allegation that Allmaras violated that invalid condition. The district court also abused its discretion when it relinquished jurisdiction based solely on Allmaras's refusal to undergo a full disclosure polygraph examination. Consequently, we reverse the orders revoking probation and relinquishing jurisdiction and remand the case for proceedings consistent with this opinion before a different district court judge.

**A.     The District Court Abused its Discretion in Imposing an Invalid Condition of Probation, Finding Allmaras Violated that Invalid Condition, and Revoking Probation Based on that Finding**

      **1.     The full disclosure polygraph examination condition of probation in this case was not a lawful condition of probation**

We turn first to whether the full disclosure polygraph examination condition of probation was valid and enforceable. Courts have the power to enforce their lawfully issued orders. *State v. Le Veque*, 164 Idaho 110, 115, 426 P.3d 461, 466 (2018). Whether the terms of probation are valid is a question of law, freely reviewed by the appellate courts. *Id*. at 114, 426 P.3d at 465.

The written term of probation at issue is comprised of both typed and handwritten portions. The typed portion of the probation term was part of a pre-printed form that reads as follows:

> That you shall serve _____ days local incarceration in the KOOTENAI County Jail commencing on _____.

The blanks on the pre-printed form were filled-in in handwriting with: "180" and "immediately--early release if you pass a full disclosure polygraph. Fail polygraph and you

5

agree to do a retained jurisdiction. Failure to obtain a polygraph w/in 180 days results in a rider." The district court's stated reason for imposition of the term of probation was to find out if Allmaras was an acceptable candidate for probation, stating:

> I don't know who I'm dealing with, and because I don't know who I'm dealing with, I can't make an appropriate decision right now whether you're an appropriate risk to be placed on probation and I don't know if I can protect the public.

We previously considered the validity of a condition of probation requiring a defendant to participate in a psychosexual evaluation with a polygraph in *State v. Widmyer*, 155 Idaho 442, 313 P.3d 770 (Ct. App. 2013). This Court noted that the only limitation on a condition of probation under I.C. § 19-2601(2) is that it "reasonably relate to rehabilitation." *Id.* at 446, 313 P.3d at 774. There, the district court imposed the psychosexual evaluation to determine Widmyer's risk to the public since he was convicted of injury to a child but had originally been charged with sex crimes and to allow him to obtain any necessary treatment. This Court held that purpose was reasonably related to Widmyer's rehabilitation.[2] *Id.* Unlike in *Widmyer*, in this case, there is no indication in the record of a legitimate rehabilitative purpose for the full disclosure polygraph required as part of Condition 21.[3] Instead, the district court improperly imposed Condition 21 to determine Allmaras's suitability for what the district court already did--placed Allmaras on probation.

*Widmyer* does not stand for the proposition that a trial court may grant probation and impose a polygraph condition to obtain information necessary to determine whether the court should have placed the individual on probation in the first place. Whether a defendant is placed on probation is a discretionary decision for the district court to make at the time of sentencing or at the conclusion of a period of retained jurisdiction. I.C. § 19-2601. When deciding the appropriate sentence, a district court takes into account the nature and circumstances of the crime and the history, character, and condition of the defendant. I.C. § 19-2521(1)

---

[2]     In *Le Veque*, the Supreme Court stated that rehabilitation and public safety are dual goals of probation. However, the Court also noted that *State v. Hayes*, 99 Idaho 713, 715, 587 P.2d 1248, 1250 (1978) "in particular, makes clear that, whether a particular term of probation is invalid should be declared 'where there is no evidence of a relationship to rehabilitation' at a revocation hearing." *Le Veque*, 164 Idaho at 114, 426 P.3d at 465.

[3]     A separate probationary term required Allmaras to submit to a polygraph examination at the request of his probation officer or treatment providers.

6

(2017).[4]  If a court decides to place a defendant on probation at the time of sentencing, the court must necessarily make this determination on the information it has available at that time.  As noted by the Idaho Supreme Court:

> When evaluating the defendant's prospects for rehabilitation, trial judges are asked to make a probabilistic determination of a human being's likely future behavior.  The reality is that a sentencing judge will never possess sufficient information about the defendant's character, life circumstances and past behavior so as to project future behavior with unerring accuracy.  To the contrary, the factual determination of the defendant's probability of re-offense will always be based upon limited data.

*State v. Windom*, 150 Idaho 873, 879, 253 P.3d 310, 316 (2011).

In this case, the district court required Allmaras to undergo a full disclosure polygraph as a condition of probation just so the district court could obtain information it wished it had at the previously held sentencing hearing.  After imposing sentence, the district court stated:

> Well, if you don't get a full disclosure polygraph in the next 180 days, I'll send you on a rider and have you do sex offender treatment or sex offender assessment rider so that I have a--some data from the Department of Corrections, the prison system, of what the type of person I'm dealing with is. . . .  [B]ut because you don't have [a full disclosure polygraph], *I don't know who I'm dealing with, and because I don't know who I'm dealing with, I can't make an appropriate decision right now whether you're an appropriate risk to be placed on probation and I don't know if I can protect the public*, so any question--I know this is an odd outcome, but I don't know what else I can do today.

(Emphasis added.)

The problem with this statement is that it occurred *after* the district court imposed sentence and had *already* placed Allmaras on probation.  The district court reviewed the relevant sentencing information that had been ordered--a presentence investigation report and GAIN evaluation--and placed Allmaras on probation.  To the extent the district court thought the sentencing information was incomplete, the district court was in no different position than other district court judges who must make sentencing decisions with less than complete information.  The district court could have continued sentencing, ordered the examination, and then imposed sentence whether the examination was completed or not.  *See State v. Jimenez*, 160 Idaho 540, 376 P.3d 744 (2016).  Requiring a prospective

---

[4]  Idaho Code § 19-2521 was amended, effective July 1, 2020.  This Court will use the version of the statute that was in effect at the time Allmaras was sentenced.  The statutory amendment does not affect the analysis in this case.

polygraph evaluation to justify a previously imposed, but suspended, sentence is not a valid term of probation.

This case is also distinguishable from *Widmyer* in that here the district court preemptively attached a penalty to any failure to satisfy the condition of probation and tethered that condition to the district court and not the probation department. Upon placing Allmaras on probation, the district court ordered him jailed immediately for up to 180 days in an effort to compel Allmaras to provide the full disclosure polygraph. At a hearing near the end of the 180-day period, the district court noted the polygraph had not yet been provided, and sua sponte took steps to impose the penalty. The district court wondered how best to proceed[5] and suggested that Allmaras admit a probation violation, which he refused to do. In light of that refusal, the district court itself alleged a violation, and scheduled a probation violation hearing. At that hearing, no evidence was presented but the district court judicially noticed "the entire file" and concluded it was "quite sure" a review of the file would reveal the absence of a polygraph. The district court then revoked probation.

Another problem with Condition 21 is that it is neither specific nor definite. In *Le Veque*, the Court reviewed whether the district court validly relinquished jurisdiction. In the order retaining jurisdiction, the district court recommended sex-offender treatment and a polygraph examination to verify Le Veque's involvement in a South Dakota crime. *Le Veque*, 164 Idaho at 112, 426 P.3d at 463. Although Le Veque completed a substance abuse program during his rider, he was not placed in a sex-offender treatment program. *Id.* at 113, 426 P.3d at 464. At the jurisdictional review hearing, the district court relinquished jurisdiction because Le Veque had not completed a polygraph. *Id.* The Court ruled that the order was ambiguous because it did not state Le Veque "shall" or "must" obtain a polygraph but rather only "recommended" a polygraph. *Id.* Further, the Court ruled that it was unclear whether the

---

[5] The district court stated: "Well, I guess, trying to figure out how to best do this." Thereafter, the court stated:

> He's on probation right now. It would seem to me that the appropriate procedural thing to do would be for him to admit that he violated his probation at this time by not getting a full disclosure polygraph, that he doesn't intend to get that, and realizes that the anticipated outcome would be a retained jurisdiction. So that to me seems what would be appropriate procedurally.

Further, the district court stated, "Well, I don't know that I can get him on a rider without violating his probation" and "I don't think I have the ability to just send people for no reason on a retained jurisdiction."

Department or Le Veque were responsible for obtaining the evaluation. *Id*. The Court ruled that the polygraph term was neither specific nor definite and, therefore, invalid and unenforceable. *Id*. at 117, 426 P.3d at 468.

In this case, Condition 21 suffers similar infirmities. First, the district court's statements at sentencing render it unclear as to who was responsible for obtaining the polygraph. The district stated that "so it's up to you and your attorney to navigate *who* is going to [obtain the polygraph]. I know the public defender's office has money available to pay for that, and I'm going to require that they use that money if you want a full disclosure polygraph." (Emphasis added.) Thus, it is not clear, or necessarily would be clear to Allmaras, who was responsible as between Allmaras, his attorney, or the public defender's office in general, to arrange for a polygraph.

More importantly, the order is not definite in scope. The district court ordered a full disclosure polygraph, which normally includes questions regarding past events and conduct beyond the matter at issue. Incident to the Rule 35 hearing Allmaras raised the question of the scope of a full disclosure polygraph, noting that it usually includes prior events, citing case law in his brief. The district court said that it was interested in what occurred in this matter and "[s]o it doesn't have anything to do with--it's full disclosure, but it's full disclosure on the facts of this case." That interpretation was not made clear in the order. Moreover, at the probation violation disposition hearing, in discussing that the court would order a full disclosure polygraph during the retained jurisdiction and what full disclosure meant, the district court stated:

> To find out what his response is to questions regarding the event in question with this 12-year-old *and any other acts*. And to me that's the full disclosure part of it is *other acts* but also including the events in question.

(Emphasis added.) The district court's varying interpretations of full disclosure polygraph demonstrate that the probation term was indefinite and unenforceable.

Finally, the district court's statements at sentencing suggest that the term of probation was the jail time, with the amount of jail time reduced if Allmaras participated in and passed the polygraph or extended if he declined to participate in or failed the polygraph. The district court stated:

> Finally, I'm going [to] keep you in custody for 180 days. I will release you once you have a full disclosure polygraph regarding the events in question. If

9

> you fail that polygraph, I'm going to send you on a retained jurisdiction. If you pass it, once I have the results of that I'll release you on separate order.

As noted, Allmaras argued both at the Rule 35 hearing and the probation violation hearing that it would not be a violation if he simply did not take the polygraph. Although the district court disagreed, Allmaras's understanding of Condition 21 was reasonable.

We conclude that the full disclosure psychosexual polygraph examination term of probation was not related to rehabilitation, a proper method to determine the propriety of probation or other sentencing options, and was not sufficiently specific and definite to be enforceable.

> **2.**      **The district court did not reach its decision to revoke Allmaras's probation by an exercise of reason when it revoked Allmaras's probation based solely on his refusal to participate in the full disclosure polygraph, allegedly violating Condition 21**

The decision to revoke probation is a two-step, discretionary decision. *State. v. Garner*, 161 Idaho 708, 710, 390 P.3d 434, 436 (2017); *State v. Chavez*, 134 Idaho 308, 312, 1 P.3d 809, 813 (Ct. App. 2000). The court must first find that the probation has been violated and if so, whether probation should be revoked. *Le Veque*, 164 Idaho at 113, 426 P.3d at 464. The trial court's factual findings in a probation revocation proceeding, including a finding that a violation has been proven, will be upheld if they are supported by substantial evidence. *Id.* This Court freely reviews whether a district court's order was specific and definite. *See Id.* at 116-17, 426 P.3d at 467-68. Allmaras does not challenge either that the district court recognized its decision to revoke probation is a discretionary decision or that, generally, a decision to revoke probation is within the bounds of a district court's discretion. However, Allmaras asserts that the district court did not reach its decision to revoke probation by an exercise of reason when it revoked Allmaras's probation based solely on his refusal to participate in the polygraph. We agree.

First, as set forth in *Le Veque*, the district court may only enforce a lawful order. This Court has determined that Condition 21 was invalid. Consequently, the district court abused its discretion in revoking Allmaras's probation solely on Allmaras's failure to comply with an invalid order--that he obtain a full disclosure polygraph examination.

Second, in regard to the lack of specificity and definiteness in the term, we see no reason why the holding in *Le Veque*, although dealing with relinquishment of jurisdiction, should not apply to the revocation of probation in this case. Therefore, as in *Le Veque*, the district court

10

abused its discretion by revoking probation on the ground that Allmaras violated a term of probation which we have determined was not sufficiently specific and definite.

Third, in *State v. Van Komen*, 160 Idaho 534, 540, 376 P.3d 738, 744 (2016), after deciding to retain jurisdiction, the district court ordered Van Komen to obtain a polygraph to verify Van Komen's statements that he had been sober from drugs and alcohol and to determine whether he had engaged in sexual activity with the minor. *Id*. at 537, 376 P.3d at 741. Van Komen's counsel informed the court that counsel was advising Van Komen to decline to participate in the polygraph as it related to activities with the minor because Van Komen's statements could lead to additional charges. *Id*. The court stated:

> The reason that I am revoking your probation is you haven't done what I ordered you to do when I sent you on a rider, and that was to get a polygraph evaluation to assess both the truthfulness of no alcohol or drugs after March 28th, 2013, and the extent of any sexual activity with [the sixteen-year-old girl].

*Id*. at 538, 376 P.3d at 742. The district court relinquished jurisdiction, and Van Komen appealed. *Id*.

The Idaho Supreme Court reversed the order relinquishing jurisdiction and remanded the case. *Id*. at 540, 376 P.3d at 744. The Court explained the reasoning in *McKune v. Lile*, 536 U.S. 24, 57 (2002), and then stated:

> Thus, the opinions of O'Connor and the four dissenters would hold that any penalty for asserting the right to remain silent that was likely to compel an incriminating statement violates the Fifth Amendment. As the Court held in *Lefkowitz v. Cunningham*, 431 U.S. 801 (1977), "[O]ur cases have established that a State may not impose substantial penalties because a witness elects to exercise his Fifth Amendment right not to give incriminating testimony against himself." *Id*. at 805.

*Van Komen*, 160 Idaho at 540, 376 P.3d at 744. As a result, the Idaho Supreme Court held that when the district court relinquished jurisdiction over Van Komen "solely because [Van Komen] refused to waive his Fifth Amendment right and answer questions that could incriminate him and result in new felony charges," the district court's action violated Van Komen's Fifth Amendment rights. *Id*.

In this context, this Court sees no difference between revoking probation or relinquishing jurisdiction solely for failing to waive the Fifth Amendment protection against

11

self-incrimination.[6]  Consequently, for the same reasons the district court abused its discretion in *Van Komen*, the district court similarly did not reasonably exercise its discretion when it revoked Allmaras's probation for failing to obtain and pass a full disclosure polygraph.[7]

For the forgoing reasons, the district court abused its discretion in imposing Condition 21 and requiring Allmaras to obtain a full disclosure psychosexual polygraph.  The district court also abused its discretion in revoking probation based solely on Allmaras's failure to obtain the full disclosure polygraph evaluation, upon the court's allegation and in absence of any evidence, that Allmaras violated that invalid condition.

**B.    The District Court Acted Outside the Bounds of Its Discretion When It Relinquished Jurisdiction Because Allmaras Would Not Waive His Fifth Amendment Protection Against Compelled Self-Incrimination**

Allmaras argues the district court's order relinquishing jurisdiction based solely on his failure to obtain a polygraph examination was an abuse of discretion.  He makes two arguments: first, that the district court's recommendation he obtain a polygraph was not specific or definite; and second, the court's requirement that he obtain a polygraph subjected him to a classic penalty situation, thereby violating his Fifth Amendment rights.

"At the end of the period of retained jurisdiction, the court may suspend the sentence and place the defendant on probation, or may relinquish jurisdiction, allowing execution of the original sentence." *State v. Lutes*, 141 Idaho 911, 915, 120 P.3d 299, 303 (Ct. App. 2005).  The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned

---

[6]    Ordering Allmaras to participate in a full disclosure polygraph that included events and actions beyond the facts of the present matter certainly carried the risk of incrimination.  Even limiting the inquiry to a description of what occurred in the underlying event necessarily involved questions that posed a realistic threat of incrimination.  This is because Allmaras did not admit any facts in the underlying case relating to either the initial charge of lewd conduct with a minor or the amended charge of felony injury to a child; instead, his attorney stipulated that if the case went to trial, there was a sufficient factual basis such that a jury could find Allmaras guilty.   Thus, *any* factual description provided by Allmaras carried the risk of incrimination in future criminal proceedings.  The State does not contend otherwise.

[7]    While one could perhaps assert that Allmaras was on probation (whether that is described as technically or conditionally in this circumstance) and that he agreed to the probationary term (although we have no agreement to the terms signed by Allmaras in our record) and that one could suffer a probation violation for failing/refusing an agreed-to term, under the circumstances of this case, given the noted infirmities in the term and the manner of its imposition, we cannot say that Allmaras waived his right to Fifth Amendment protection.

12

on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

1. **Because the district court erred in revoking Allmaras's probation, the district court also erred in relinquishing jurisdiction**

Because this Court has held that the district court erred in revoking probation, the district court also abused its discretion in ordering the underlying sentence executed, placing Allmaras on a period of retained jurisdiction, and subsequently relinquishing jurisdiction. Consequently, we vacate the order relinquishing jurisdiction in this case. Moreover, for the same reasons as articulated in *LeVeque* and *Van Komen*, the district court abused its discretion when it relinquished jurisdiction solely because Allmaras did not undergo a polygraph examination.

**IV.**

**CONCLUSION**

The district court erred when it required Allmaras to undergo a full disclosure polygraph evaluation as a condition of probation and abused its discretion by revoking probation. Consequently, Allmaras should never have been placed in the retained jurisdiction program or faced relinquishment and the district court abused its discretion in relinquishing jurisdiction. We vacate the court's orders revoking probation and relinquishing jurisdiction. Further, we remand the case for further proceedings consistent with this opinion following assignment to a different district court judge.

Judge GRATTON **CONCURS**.

Judge LORELLO, **SPECIALLY CONCURRING**.

I concur in the majority's conclusion that Condition 21 of Allmaras's probation was invalid for the reasons set forth in Section A.1. I also agree that, because Condition 21 was invalid, the district court abused its discretion in revoking Allmaras's probation, particularly since the district court did so based on its own allegation, unsupported by the presentation of any evidence, that Allmaras violated Condition 21. These conclusions necessarily mean that Allmaras should be reinstated on probation such that we need not address the district court's decision to relinquish jurisdiction other than to reverse the order of relinquishment as a necessary consequence of concluding that the district court abused its discretion by revoking Allmaras's probation in the first instance. Accordingly, I would not address the merits of the district court's decision to relinquish jurisdiction. I would also employ the constitutional avoidance principle

relied on in *State v. LeVeque*, 164 Idaho 110, 115, 426 P.3d 461, 466 (2018), and decline to address Allmaras's Fifth Amendment claims.