**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51490**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 24, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROBERT GREGORY ABEL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier L. Gabiola, District Judge.

Order modifying terms of probation, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Robert Gregory Abel appeals from the district court's order modifying the terms of Abel's probation, requiring him to sign a sex offender supervision agreement and to participate in sex offender treatment. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Abel pled guilty to failure to register as a sex offender, Idaho Code § 18-8307. The district court imposed a unified term of five years with four years determinate, suspended the sentence, and placed Abel on probation for a period of four years. The court ordered Abel to complete substance abuse and mental health evaluations, follow the recommendations of his evaluators, and comply with the Idaho Department of Correction (IDOC) agreement of supervision. Subsequently, Abel admitted to violating the terms of the probation, and the court revoked probation and ordered

1

a period of retained jurisdiction. Following the period of retained jurisdiction, the court placed Abel on probation for a period of four years and Abel signed a sex offender supervision agreement. Abel again violated his probation by failing to engage in sex offender treatment and by failing to complete a polygraph examination and drug testing. The court consequently revoked his probation and ordered another period of retained jurisdiction. Thereafter, the court placed Abel on probation for another four-year period and again ordered substance abuse and mental health treatment, along with the recommendations of the addendum to the presentence investigation report. Abel entered into another IDOC supervision agreement as part of his probation.

Subsequently, Abel objected to participating in sex offender treatment. Abel's probation officer filed a report with the district court requesting a hearing in which the court could impose, as a special condition, that Abel sign a sex offender supervision agreement and abide by sex offender treatment assessments and recommendations. Abel objected, arguing that the court had not ordered him to participate in sex offender treatment or comply with IDOC requirements for sex offender treatment and that there was no basis for those conditions as they were not tied to any relevant rehabilitation goal. Following a hearing, the court ordered Abel to sign a sex offender supervision agreement with IDOC and the court modified the terms of probation to require participation in sex offender supervision. Abel appeals.

## II.

## STANDARD OF REVIEW

A district court has discretion to modify any term or condition of probation. *State v. Wrede*, 173 Idaho 195, 200, 539 P.3d 1015, 1020 (Ct. App. 2023). *See also State v. Gibbs*, 162 Idaho 782, 787-88, 405 P.3d 567, 572-73 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). However, whether the terms and conditions of a defendant's probation are reasonably related to the goals of probation constitutes a legal question over which we exercise free review. *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016).

III.

ANALYSIS

Abel claims that the district court did not exercise reason and abused its discretion by modifying the terms of his probation by requiring him to sign a sex offender supervision agreement and to participate in sex offender treatment, including a psychosexual evaluation and regular polygraph tests. Specifically, Abel argues there was no good cause for the modification.

Idaho Code § 20-221(1) provides that, by order duly entered, the trial court may impose and at any time may modify any terms or conditions of probation. Although a court has broad discretion in imposing the requirements of probation, the terms of probation must be reasonably related to the purpose of probation and rehabilitation. *State v. Mummert*, 98 Idaho 452, 454, 566 P.2d 1110, 1112 (1977).

Abel argues that the district court abused its discretion in modifying the terms of the probation because the court had never specifically ordered him to participate in sex offender treatment while on probation in this case. Abel additionally argues that the district court's order requiring him to sign a sex offender supervision agreement with IDOC and participate in sex offender treatment was unreasonable because it was not tied to rehabilitation given that his rape conviction occurred nearly thirty years prior, there were no current sex offense allegations, and his current charge of failing to register as a sex offender was only a status offense brought about by homelessness, addiction, and mental health. Abel further asserts that there was no change in his circumstances that amounted to good cause for the modification. Finally, Abel contends that the court, by specifically citing to I.C. § 18-8302, focused on public safety and not his rehabilitation in requiring sex offender treatment and supervision.

The district court noted that sex offender supervision had been ordered after Abel's first retained jurisdiction and that he had violated probation. The court acknowledged that after Abel's second retained jurisdiction, sex offender supervision had not specifically been ordered. The court stated that sex offender registration was required because Abel had been convicted of a sex offense. While Abel did not have a new sex offense, he failed to register. The court found that Abel presented a danger to the community and was an ongoing risk to society based on his prior convictions.

As noted, Abel claimed that the district court had never ordered sex offender supervision. However, following a hearing after Abel's first retained jurisdiction, the court ordered Abel to

obtain any evaluations, counseling, or treatment requested by probation, and abide by all recommendations of the addendum to the presentence investigation report. Abel also signed a sex offender supervision agreement. Following his second retained jurisdiction, the court broadly ordered Abel to obtain any treatment evaluation and participate in any treatment ordered by probation. Other than the court's failure to specifically order sex offender supervision after the second retained jurisdiction, there is nothing to suggest that sex offender supervision was not still appropriate. Neither the age of Abel's sex offense conviction nor the situation which he claims caused his failure to register negate good cause to require sex offender supervision.

Contrary to Abel's claim that the district court focused solely on public safety, the court recognized that a probation term should not be required unless related to rehabilitation. Moreover, rehabilitation and public safety are dual goals of probation. *State v. Le Veque*, 164 Idaho 110, 114, 426 P.3d 461, 465 (2018). The goal of probation is to foster the defendant's rehabilitation while protecting public safety. *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987). A court may require a psychosexual evaluation and any necessary treatment as a term of probation to determine if a defendant poses a risk to the public when the defendant had originally been charged with sex crimes because it reasonably relates to the defendant's rehabilitation. *State v. Widmyer*, 155 Idaho 442, 446, 313 P.3d 770, 774 (Ct. App. 2013). The court's finding that Abel presents a risk to the public underscores the continuing need for sex offender evaluation, treatment, and supervision. The court's order that Abel sign a sex offender supervision agreement with IDOC is reasonably related to the dual goals of rehabilitating Abel while ensuring the safety of the community and, thus, is a valid term of probation.

## IV.

## CONCLUSION

Abel has failed to demonstrate error in the district court's order modifying the terms of probation to require Abel to sign a sex offender supervision agreement with IDOC and participate in sex offender treatment. Therefore, the district court's order modifying the terms of Abel's probation is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.